IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

LINDA M. BAILEY,                    *

    Appellant,                  *

vs.                                 *
                                         CASE NO. 3:12-CV-86 (CDL)
DEUTSCHE  BANK  TRUST  COMPANY *
AMERICAS,  as  Trustee  for
RALI2005QA12,                       *

    Appellee.                   *

_____

O R D E R

This bankruptcy appeal arises from the bankruptcy court's order granting Appellee Deutsche Bank Trust Company Americas, as Trustee for RALI2005QA12's ("Deutsche Bank") motion for relief from stay.  Appellant Linda M. Bailey appeals the bankruptcy court's order lifting the automatic stay and authorizing Deutsche Bank to proceed with a dispossessory action as to its property.  As discussed below, the Court affirms the bankruptcy court's order.

Under 28 U.S.C. § 158(a), the Court has jurisdiction over this appeal.  *See Old West Annuity & Life Ins. Co. v. Apollo Grp.*, 605 F.3d 856, 862 (11th Cir. 2010) (per curium) ("A stay-relief order is a final order that is immediately appealable."). In reviewing a bankruptcy court's decision to lift an automatic stay under 11 U.S.C. § 362(d), "[a] decision to lift the stay is

discretionary with the bankruptcy judge, and may be reversed only upon a showing of abuse of discretion." *Baryclays-Am./Bus. Credit, Inc. v. Radio WBHP, Inc.* (*In re Dixie Broad., Inc.*), 871 F.2d 1023, 1026 (11th Cir. 1989). The Court must accept the bankruptcy court's findings of fact, which "shall not be set aside unless clearly erroneous." Fed. R. Bankr. P. 8013; *see also Club Assocs. v. Consol. Capital Realty Investors* (*In re Club Assocs.*), 951 F.2d 1223, 1228 (11th Cir. 1992) ("Factual findings by the bankruptcy court are reviewed under the limited and deferential clearly erroneous standard."). The Court is not authorized to make independent factual findings. *Equitable Life Assurance Soc'y v. Sublett* (*In re Sublett*), 895 F.2d 1381, 1384 (11th Cir. 1990). In contrast, the Court reviews legal conclusions by the bankruptcy court *de novo*. *Club Assocs.*, 951 F.2d at 1228.

This appeal presents three issues: (1) whether the bankruptcy court erred in determining that Deutsche Bank was the real party in interest with standing to move for relief from the automatic stay; (2) whether the bankruptcy court erred in lifting the automatic stay based on the evidence presented at the hearing; and (3) whether lifting the automatic stay violated Bailey's due process rights.

The Court has thoroughly reviewed the record and finds no abuse of discretion by the bankruptcy court in granting Deutsche

Bank relief from the automatic stay.  The Court finds no clear error in the bankruptcy court's factual finding that Deutsche Bank purchased the property commonly known as 701 Mohansic Avenue, Loganville, Georgia 30052 (the "Property") at a foreclosure sale on July 7, 2009 and became the owner of the Property.  Also, the Court finds no reversible error based upon *de novo* review of the bankruptcy court's legal conclusion that it had no authority to review the issue of Bailey's interest in the Property.  To rule otherwise would invite review and rejection of a state court judgment rendered prior to the commencement of the bankruptcy proceedings, which held that Deutsche Bank, not Bailey, was the owner of the Property.  *See Vasquez v. YII Shipping Co.*, 692 F.3d 1192, 1195 (11th Cir. 2012) ("[T]he [*Rooker-Feldman*] doctrine holds that federal courts below the Supreme Court must not become a court of appeals for state court decisions.").

As the owner of the Property, Deutsch Bank was the real party in interest and had standing to seek relief from the automatic stay.  Furthermore, it was not an abuse of discretion for the bankruptcy court to grant the relief based on the evidence establishing that Deutsche Bank has title to the Property.  Finally, Bailey's due process rights were not violated by the bankruptcy court proceedings.  Bailey was served with the motion for relief from stay and notice of hearing,

attended the hearing, and argued and presented evidence before the bankruptcy court. *See Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) ("[T]he Due Process Clause requires notice and the opportunity to be heard . . . at a meaningful time and in a meaningful manner . . . .") (internal quotation marks omitted). In sum, the bankruptcy court acted within its discretion in granting Deutsche Bank relief from the automatic stay.

CONCLUSION

As discussed above, the Court affirms the bankruptcy court's order granting Deutsche Bank's motion for relief from stay.

IT IS SO ORDERED, this 22nd day of October, 2012.

S/Clay D. Land
_____
CLAY D. LAND
UNITED STATES DISTRICT JUDGE